We have heretofore affirmed Phillip B. Perkins' conviction of grand larceny as well as his sentence as a recidivist of five (5) years imprisonment without eligibility for probation or parole.Perkins v. State, 403 So.2d 1279 (Miss. 1981) (per curiam memorandum). The case is now before the Court on Perkins' application for post-conviction *Page 792 
relief. Miss. Code Ann. §§ 99-39-1, et seq. (Supp. 1985).
Initially, Perkins is met with a response by the State to the effect that his action is barred by the three year statute of limitations found in the Uniform Post-Conviction Collateral Relief Act. Miss. Code Ann. § 99-39-5(2) (Supp. 1985) Perkins' direct appeal was decided in this Court on September 30, 1981. His original application for post-conviction relief was filed with the clerk of this court on October 15, 1984. On the face of the matter, Perkins is fifteen days late. The act under which he proceeds, however, was not enacted until April 17, 1984. Miss. Laws of 1984, ch. 378. It is axiomatic that statutes of limitations may not be made retroactive to the prejudice of a party. Garrett v. Beaumont, 24 Miss. 377, 379 (1851); see alsoReynolds v. Logan Charter Service, 565 F. Supp. 84, 86 (D.Miss. 1983). We have specifically so held in the context of the Post-Conviction Relief Act in Odom v. State, 483 So.2d 343, 344 (Miss. 1986).
Perkins presents a plethora of complaints regarding the indictment against him. That indictment contains two counts, the first charging that Perkins and two others committed grand larceny by stealing the sum of $300.00 from one David Duke and a second count charging him with conspiracy to commit grand larceny. The indictment further charges that Perkins was a recidivist within Miss. Code Ann. § 99-19-81 (Supp. 1985) in that he had previously been convicted of four separate felonies. The indictment was challenged by a variety of pre-trial procedural efforts by defense counsel, all of which failed. In the end, it appears that Perkins was convicted of the single offense of grand larceny. On direct appeal there is no assignment of error respecting the indictment and, presumably, the matter was not expressly brought to the attention of this Court at the time.
The complaints Perkins makes respecting the indictment are essentially procedural. He charges that the indictment is vague and indefinite and legally insufficient to charge him with the crime of grand larceny. Not so. We hold that the indictment fairly and adequately advised Perkins of the nature and cause of the charges against him well surpassing the minimum requirements for fair notice to one criminally accused. Hines v. State,472 So.2d 386, 390 (Miss. 1985); Harden v. State, 465 So.2d 321, 324 (Miss. 1985); Henderson v. State, 445 So.2d 1364, 1367-68 (Miss. 1984).
That he was charged in a multi-count indictment avails Perkins nothing, as he was convicted on a single charge of grand larceny. Consistent with our several decisions on this point, there is no error in the affirmance of Perkins' conviction. Brock v. State,483 So.2d 358, 362 (Miss. 1986); Stinson v. State,443 So.2d 869, 873-74 (Miss. 1983). Third, that feature of the indictment which charges Perkins as a recidivist is wholly sufficient to advise him that the State sought enhanced punishment under Section 99-19-81. The indictment more than adequately advised Perkins of the specific crimes the State sought to prove that he had previously been convicted of. See Rule 2.05, Miss.Unif.R. of Cir. Ct.Prac.; Dalgo v. State, 435 So.2d 628, 630 (Miss. 1983).
We note that issues such as these respecting the indictment are essentially procedural and susceptible of waiver if not timely preserved and presented on direct appeal. Miss. Code Ann. §99-39-21(1) (Supp. 1985). In view of the ineffective assistance of counsel claim to be noted below, we observe that appellate counsel for Perkins is subject to no criticism for failure to raise the indictment issues on appeal. On the record before us, there was simply no merit to any such issue. Put otherwise, to say that the chances of reversal on direct appeal on one of the indictment issues was a long shot would be to make an understatement.
Finally Perkins charges that he was denied effective assistance of counsel in violation of rights secured to him by the Federal and state constitutions. Because this is an issue which Perkins has heretofore *Page 793 
had no meaningful opportunity to present, application of the procedural bar of Section 99-39-21(1) would be inappropriate.King v. Thigpen, 441 So.2d 1365, 1368-69 (Miss. 1983); Smithv. State, 434 So.2d 212, 218-19 (Miss. 1983); Read v. State,430 So.2d 832, 841 (Miss. 1983).
In order to prevail on the merits of such a claim, Perkins must show, first, that his counsel's performance was deficient and, second, that the deficient performance prejudiced the defense so as to deprive him of a fair trial. Strickland v. Washington,466 U.S. 668, 687-696, 104 S.Ct. 2052, 2064-69, 80 L.Ed.2d 674, 693-99 (1984); Thames v. State, 454 So.2d 486, 487 (Miss. 1984). To get a hearing he must allege these matters with specificity and detail.
Looking at the papers Perkins has presented to us, at best he alleges several tactical errors and other minor lapses on the part of counsel. Taking as true everything Perkins has alleged, he does not even come close to charging that counsel's performance was deficient consistent with the standards ofStrickland v. Washington, much less that any such deficient performance prejudiced his defense. See Gillard v. State,462 So.2d 710, 714 (Miss. 1985); In Re Hill, 460 So.2d 792, 801 (Miss. 1984).
Beyond all of this, we note for the record that Petitioner Perkins has presented us with a veritable plethora of petitions, motions, applications for relief and other papers, and amendments and supplements to same. We have reviewed all of these with care. We find, even beyond what has been said above, that there is no merit in any of the claims Perkins has asserted and that his application for post-conviction relief, together with all amendments and supplements thereto and all claims and prayers contained therein, should be, and the same hereby are, denied.
APPLICATION FOR POST-CONVICTION RELIEF DENIED.
PATTERSON, C.J., WALKER, and ROY NOBLE LEE, P.JJ., and HAWKINS, DAN M. LEE, PRATHER, SULLIVAN and ANDERSON, JJ., concur.