# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 95-CA-00656-SCT

*CHARLES OLIVER a/k/a CHARLES E. OLIVER*

*v.*

*STATE OF MISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 08/18/95 |
| TRIAL JUDGE: | HON. LAMAR PICKARD |
| COURT FROM WHICH APPEALED: | JEFFERSON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: SCOTT STUART |
| DISTRICT ATTORNEY: | RONNIE L. HARPER |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 12/8/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE SULLIVAN, P.J., SMITH AND MILLS, JJ.**

**SMITH, JUSTICE, FOR THE COURT:**

On April 12, 1993, Charles Oliver was indicted by the Jefferson County, Mississippi Grand Jury for Armed Robbery pursuant to Miss. Code Ann. § 97-3-79. On October 13, 1993, Oliver pled guilty to the reduced charge of Simple Robbery and was sentenced to fifteen (15) years of imprisonment by Circuit Court Judge Richard T Watson. On June 22, 1994, Oliver filed a Motion for Post-Conviction Collateral Relief in the Jefferson County Circuit Court. Oliver's Motion for Post-Conviction Collateral Relief was denied by Circuit Court Judge Lamar Pickard on August 18, 1995. Oliver filed a Petition for Out-of-Time Appeal on October 16, 1995. By Order dated March 4, 1996, the Jefferson County Circuit Court allowed Oliver to proceed with his appeal. Oliver appeals *pro se* and raises the following issues:

**I. WHETHER OLIVER'S GUILTY PLEA WAS KNOWINGLY, INTELLIGENTLY,**

**AND VOLUNTARILY ENTERED?**

**II. WHETHER OLIVER WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL.**

**III. WHETHER AN EVIDENTIARY HEARING SHOULD HAVE BEEN GRANTED.**

## LEGAL ANALYSIS

### I. WHETHER OLIVER'S GUILTY PLEA WAS KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY ENTERED?

Oliver alleges that he was not advised of the constitutional rights he was waiving by pleading guilty, which is in violation of Rule 3.03 of the Miss. Uniform Rules of Circuit Court Practice. Specifically, Oliver alleges he was not advised that he had a right to a jury trial; he had a right against self-incrimination; and he had a right to confront and cross-examine his accusers. Oliver further alleges that he was not advised of the maximum and minimum penalties provided by law for the crime to which he was pleading guilty nor of the elements and consequences of pleading guilty to the crime of robbery. He also argues that the court erred in failing to make a determination as to whether he was competent to enter a plea of guilty. Moreover, Oliver alleges a due process violation in that the trial court delayed imposition of the sentence until 12:00 noon on January 2, 1994, but "the sheriff and trial court did not delay the imposition of the sentence; instead [Oliver] was transported to the Mississippi State Penitentiary almost immediately."

When determining the validity of a guilty plea, this Court has held that a "guilty plea will only be binding upon a criminal defendant if it is voluntarily and intelligently entered." ***Drennan v. State***, 695 So. 2d 581, 584 (Miss. 1997) (*quoting **Banana v. State***, 635 So. 2d 851, 854 (Miss. 1994)). *See, e.g.*, ***Boykin v. Alabama***, 395 U.S. 238 (1969); ***Alexander v. State***, 605 So. 2d 1170, 1172 (Miss. 1992); ***Myers v. State***, 583 So. 2d 174, 177 (Miss. 1991); ***Wilson v. State***, 577 So. 2d 394, 397 (Miss. 1991). "In order for a guilty plea to be voluntarily and intelligently entered, a defendant must be advised about the nature of the crime charged against him and the consequences of the guilty plea." ***Banana***, 635 So. 2d at 854. Specifically, Rule 8.04(A)(4)[1] of the Uniform Rules of Circuit and County Court Practice, provides:

*Advice to the Defendant.* When the defendant is arraigned and wishes to plead guilty to the offense charged, it is the duty of the trial court to address the defendant personally and to inquire and determine:

That the accused is competent to understand the nature of the charge;

That the accused understands the nature and consequences of the plea, and the maximum and minimum penalties provided by law;

That the accused understands that by pleading guilty (s)he waives his/her constitutional rights of trial by jury, the right to confront and cross-examine adverse witnesses, and the right against self-incrimination; if the accused is not represented by an attorney, that (s)he is aware of his/her right to an attorney at every stage of the proceeding and that one will be appointed to represent him/her if (s)he is indigent.

URCCC 8.04(A)(4).

The court records indicate that Oliver was advised of his constitutional rights before entering his guilty plea. Specifically, Oliver signed a Petition to Enter Plea of Guilty which addressed every area of Oliver's allegations pertaining to the voluntariness of his plea. Additionally, Oliver's attorney, E. Vincent Davis, filed a Certificate of Counsel in which Mr. Davis certified to the court that Oliver was mentally and physically competent to enter a plea. Furthermore, at Oliver's guilty plea hearing, Oliver was questioned by Circuit Court Judge Richard T. Watson regarding his understanding of his constitutional rights, the consequences of a guilty plea and his competency to enter a plea. The following record excerpts demonstrate that Oliver was in fact advised of each constitutional right he was waiving by pleading guilty:

> [THE COURT:] Q. Under the law the Court is mandated to ask you certain questions in regard to your plea of guilty to a felony. First, **you're entitled to a speedy trial**, a r**ight to be present at trial to testify or remain silent as you choose** after conferring with your attorney. **In the event you decide not to testify, then the Court would instruct the jury that fact is not to be held against you.** You're further **entitled** that your lawyer be able to **cross examine all witnesses who will testify against you** and for **compulsory attendance of witnesses** who would testify on your own behalf, the further right that the jury be instructed as to the presumption of innocence on your behalf and that the State of Mississippi must prove its case against you beyond a reasonable doubt. In a criminal case, all twelve jurors must vote either guilty or not guilty in order to reach a verdict; do you understand that?
>
> [OLIVER:] A. Yes, sir.
>
> [THE COURT:] Q. In the event of conviction in Circuit Court, you would be entitled to appeal to the Supreme Court of Mississippi and possibly to Federal Courts. If you are unable to pay an attorney or had no funds with which to do so, upon your request the Court would appoint an attorney to represent you; do you understand that?
>
> [OLIVER:] A. Yes, sir.
>
> [THE COURT:] Q. Both during the trial of the case and upon any appeal. **By entering a plea of guilty to the charge of Simple Robbery, you are waiving or giving up those rights**, do you understand that?
>
> [OLIVER:] A. Yes, sir.
>
> [THE COURT:] Q. You're also giving up certain rights of citizenship; that is, the right to vote and to sit on juries; do you understand that?
>
> [OLIVER:] A. Yes, sir.
>
> . . . .
>
> [THE COURT:] Q. Have you been over the facts in the case with your attorney?
>
> [OLIVER:] A. Yes, sir.

[THE COURT:] Q. Now, **the minimum sentence is a suspended sentence; the maximum sentence being fifteen years.**

[OLIVER:] A. Yes, sir.

[THE COURT:] Q. Do you understand the indictment charges the offense is Armed Robbery which has been reduced to the charge of Simple Robbery?

[OLIVER:] A. Yes, sir.

[THE COURT:] Q. On or about January 27, 1993, against the person of one William Price; do you understand that charge?

[OLIVER:] A. Yes, sir.

[THE COURT:] Q. And **have you been over the elements in the case with your attorney, Mr. Davis?**

[OLIVER:] A. Yes, Sir.

[THE COURT:] Q. And is this plea of guilty by you to the felony charge of Simple Robbery freely and voluntarily made?

[OLIVER:] A. Yes, sir.

[THE COURT:] Q. All right, are you presently under the influence of either drugs or alcohol?

[OLIVER:] A. No, sir.

THE COURT: Based upon the Petition to Enter a Plea of Guilty, the questions propounded by the Court, the defendants' [sic] responses thereto, and the other facts and circumstances, **the Court finds as a fact that the plea of guilty is freely, knowingly, wilfully, intelligently, and voluntarily made by this defendant**, and the Court accepts the plea of guilty.

. . . .

THE COURT: Sheriff, the State has recommended that imposition of this sentence be delayed until January 2, 1994; do you have any objection to the delay in this imposition of sentence?

SHERIFF: No, sir, I have no objection to it.

THE COURT: All right, thank you.

MR. HARPER: Your Honor, I might add that I discussed this fully with the sheriff prior to **making this recommendation to the defendant**, and we were in full compliance at that time on the terms of it.

THE COURT: All right.

[THE COURT:] Q. Do you have anything you wish to say to the Court before sentence is

passed?

[OLIVER:] A. **No, sir.**

The Court then reviewed the conditions Oliver was to abide by during the delayed imposition of sentencing and the fact that he would immediately go into the sheriff's custody if any of the conditions were violated. The only information Oliver provides in support of his due process violation claim is "the sheriff and trial court did not delay the imposition of sentence; instead Petitioner was transported to the Mississippi State Penitentiary **almost immediately**." Oliver does not state nor is there is any evidence in the record stating the actual date he was committed to the custody of the Mississippi Department of Corrections. Therefore, there is no evidence that a due process violation occurred.

In *Smith v. State*, 636 So. 2d 1220 (Miss. 1994), this Court stated "[w]hen we compare [Smith's] previous sworn testimony during his guilty plea with his current affidavit, the latter is practically rendered a 'sham,' thus allowing the summary dismissal of the petition to stand." *Id.* at 1224 (citation omitted). "At one time or the other Smith has obviously committed perjury, which may warrant appropriate action by a grand jury." *Id.* (*citing Sanders v. State*, 440 So. 2d 278, 289 (Miss. 1983) (Roy Noble Lee, J., specially concurring)). The case *sub judice* is similar to *Smith* in that Oliver's pleadings are in direct conflict with the guilty plea hearing transcript , his own Petition to Enter Plea of Guilty, and his attorney's Certificate of Counsel. The record clearly belies every allegation Oliver makes in his Motion for Post-Conviction Relief. Therefore, Oliver has committed perjury either by sworn testimony, in his Petition to Enter Plea of Guilty, or in his Motion for Post-Conviction Relief. Consequently, there is no merit to Oliver's claim that his guilty plea was not voluntarily given.

## II. WHETHER OLIVER WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL.

Oliver alleges that "counsel failed to investigate and interview witnesses; failed to act on any of the information provided by [Oliver; and] failed to act on the fact that [Oliver] had a history of mental problems, . . .." Oliver further alleges that "his plea of guilty was not knowingly, intelligently and voluntarily entered due to ineffective assistance of counsel."

The standard for reviewing claims of ineffective assistance of counsel was set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Mississippi adopted the *Strickland* standard in *Stringer v. State*, 454 So. 2d 468, 476-78 (Miss. 1984) and has consistently applied this standard in subsequent cases. *Neal v. State,* 525 So. 2d 1279, 1281 (Miss. 1987) (*citing Ferguson v. State*, 507 So. 2d 94, 95-97 (Miss. 1987); *Waldrop v. State*, 506 So. 2d 273, 275-76 (Miss. 1987); *Alexander v. State*, 503 So. 2d 235, 240-41 (Miss. 1987); *King v. State*, 503 So. 2d 271, 273-76 (Miss. 1987); *Leatherwood v. State*, 473 So. 2d 964 (Miss. 1985)).

Our inquiry under *Strickland* is twofold:

(1) Was defense counsel's performance deficient when measured by the objective standard of reasonable professional competence, and if so

(2) Was [the appellant] prejudiced by such failure to meet that standard?

*Hansen v. State*, 649 So. 2d 1256, 1259 (Miss. 1994). Additionally, "[a]n ineffective assistance claim

by its very nature refers to the totality of counsel's pre-trial and trial performance." **Neal v. State**, 525 So. 2d 1279, 1281 (Miss. 1987). "At the outset, defense counsel is presumed competent and the burden of proving otherwise rests on [the appellant]." **Hansen**, 649 So. 2d at 1258. Oliver "must allege these matters with specificity and detail" to obtain an evidentiary hearing. **Perkins v. State**, 487 So.2d 791, 793 (Miss. 1986); Miss. Code Ann. § 99-39-9(1) (1994). The petitioner's well pled allegations are taken as true. **Moore v. Ruth**, 556 So. 2d 1059, 1061 (Miss. 1990). And where the appellant is proceeding *pro se*, the Court takes that fact into account so that meritorious complaints are not lost because inartfully drafted. **Id.** (citations omitted).

Even when considering the possibility of inartful drafting, Oliver has not pled his arguments with sufficient "specificity and detail" to be entitled to an evidentiary hearing. Instead, his allegations are general statements regarding his own opinion of his attorney's performance, with no substantiating statements. Oliver had the opportunity to corroborate his claims in his Reply Brief which was submitted in response to the Appellee's Brief wherein the State maintained that Oliver's relief should be denied for lack of "specificity and detail." In spite of this opportunity, Oliver did not state what prejudice he suffered, how his trial counsel's alleged deficient performance caused this prejudice, or how the outcome would probably have been different had counsel not performed deficiently.

Further, Oliver has not shown how his attorney's failure to address his past mental problems would have resulted in a different outcome. Oliver argues that he was not competent to enter a guilty plea; however, Psychiatric Evaluations dated August 13, 1993 and July 24, 1993, which were submitted by Oliver, indicate that he "was well oriented," and his "memory was intact." Thus, the record does not support Oliver's contention of mental incompetence.

Oliver has not demonstrated any prejudice under the **Strickland** standard; consequently, his claim of ineffective assistance of counsel should be denied.

### III. WHETHER AN EVIDENTIARY HEARING SHOULD HAVE BEEN GRANTED.

Oliver "claims that the trial court erred in summarily dismissing his post conviction motion without first granting him an evidentiary hearing." However, he fails to discuss the specific reasons why the trial court should have granted an evidentiary hearing. Thus, Oliver's claims do not contain sufficient "specificity and detail" to state a prima facia case. **See Perkins v. State**, 487 So. 2d 791, 793 (Miss. 1986); Miss. Code Ann. § 99-39-9(1) (1994).

This Court held "where an affidavit is belied by unimpeachable documentary evidence in the record such as, for example, a transcript or written statements of the affiant to the contrary, to the extent that the court can conclude that the affidavit is a sham, no hearing is required." **Harris v. State**, 578 So. 2d 617, 620 (Miss. 1991). The case *sub judice* is controlled by **Harris** in that the allegations in Oliver's Motion for Post-Conviction Relief are completely belied by unimpeachable documentary evidence in the record, specifically, the transcript and his own Petition to Enter Plea of Guilty. Under these circumstances an evidentiary hearing is not appropriate. Accordingly, the trial court did not err in denying Oliver's motion without conducting an evidentiary hearing.

### CONCLUSION

Oliver's allegation that his guilty plea was not voluntarily given is without merit. The court record

completely belies Oliver's allegations, rendering Oliver's Motion for Post-Conviction Relief nothing more than a "sham." Additionally, because of the contradictory statements, it is evident that Oliver has committed perjury either at the guilty plea hearing and in his Petition to Enter Plea of Guilty, or in his Motion for Post-Conviction Relief. Furthermore, Oliver provides no information in support of his due process violation claim since he provides no evidence showing that he was taken into MDOC's custody prior to January 2, 1994. Accordingly, Oliver's claim of involuntary guilty plea should be denied.

Oliver does not meet the *Strickland* standard required to show ineffective assistance of counsel. Oliver makes broad accusations that his attorney "failed to investigate and interview witnesses; failed to act on any of the information provided by [Oliver; and] failed to act on the fact that the Petitioner had a history of mental problems . . .." However, Oliver did not state what prejudice he suffered, how his trial counsel's alleged deficient performance caused this prejudice, or how the outcome would probably have been different had counsel not performed deficiently. Moreover, the record does not support Oliver's contention that he was not mentally competent to enter a guilty plea. Psychiatric Evaluations dated August 13, 1993 and July 24, 1993, which Oliver submitted, indicated that he "was well oriented," and his "memory was intact."

Oliver "claims that the trial court erred in summarily dismissing his post conviction motion without first granting him an evidentiary hearing." However, he fails to discuss the specific reasons why the trial court should have granted an evidentiary hearing, consequently, his claim does not contain sufficient "specificity and detail" to state a prima facie case. Additionally, Oliver's allegations are completely belied by unimpeachable documentary evidence in the record, specifically, the transcript and his own Petition to Enter Plea of Guilty. Accordingly, we find the trial court did not err in denying Oliver's motion without conducting an evidentiary hearing. The trial court's denial of Oliver's Post-Conviction Collateral Relief is affirmed.

**DENIAL OF POST-CONVICTION RELIEF AFFIRMED.**

**LEE, C.J., PRATHER AND SULLIVAN, P.JJ., PITTMAN, BANKS, McRAE, ROBERTS AND MILLS, JJ., CONCUR.**

1. Rule 8.04 is the successor to Rule 3.03 of the Uniform Criminal Rules of Circuit Court Practice.