# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 96-CA-00359-SCT

*LARRY CHAPPELL*

*v.*

*STATE OF MISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 11/29/95 |
| TRIAL JUDGE: | HON. GRAY EVANS |
| COURT FROM WHICH APPEALED: | SUNFLOWER COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | ROBERT E. BUCK |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: JEFFREY A. KLINGFUSS |
| DISTRICT ATTORNEY: | HALLIE GAIL BRIDGES |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 12/11/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 1/2/98 |

**BEFORE DAN LEE, C.J., PITTMAN AND MILLS, JJ.**

**MILLS, JUSTICE, FOR THE COURT:**

## STATEMENT OF THE CASE

On November 30, 1996, the Circuit Court of Sunflower County denied Larry Chappell's motion to vacate his guilty plea and sentence. Aggrieved, Chappell appeals to this Court, assigning as error the following issue:

> **I. WHETHER CHAPPELL'S GUILTY PLEA WAS KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY MADE.**

## FACTS

On June 8, 1995, the Grand Jury in the Circuit Court of Sunflower County indicted Larry Chappell

for burglary of a dwelling. Chappell was arraigned on June 6, 1995, at which time Cleve McDowell was appointed as his attorney. On July 11, 1995, Larry Chappell was charged with and pled guilty to burglary of a dwelling. At the guilty plea hearing, after determining that the plea was knowingly, intelligently, and voluntarily made, the circuit court accepted Chappell's plea and sentenced him to serve ten years in the state penitentiary with four of those years being suspended. The circuit court stipulated that this sentence was under the law prior to June 30, so Chappell might not be required to serve eighty-five percent of his sentence.

On July 24, 1995, Chappell filed a motion to set aside his guilty plea. The circuit court denied this motion on September 6, 1995. Chappell then filed a motion for post conviction relief On November 29,1995, the circuit court dismissed this motion on the grounds that it had already been heard.

## DISCUSSION

Even though Chappell's brief only raises the issue of an involuntary guilty plea, he also asserts ineffective assistance of counsel in his motion for post-conviction relief. After reviewing the record, this Court finds that Chappell fails to prove either of these claims.

### I. WHETHER CHAPPELL'S GUILTY PLEA WAS KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY MADE.

Chappell failed to establish that his plea was not knowingly, intelligently, and voluntarily made. Chappell asserts that he did not commit the burglary and in his guilty plea admits only to having stolen goods in his car. He claims that he only agreed to plead guilty to burglary because his attorney, Cleve McDowell, assured him it was his best and only option. Further, Chappell asserts that McDowell told him he would probably only receive house arrest and that a guilty plea was in his best interest. Chappell contends that his guilty plea was made in reliance on these representations.

However, Chappell's petition to enter a guilty plea manifests that he knew that he was pleading guilty to burglary. Chappell stated that he was making the plea because it was in his best interest. It is well established that a guilty plea is held voluntary if a defendant makes the plea after intelligently determining that the plea is in his best interest, even if the defendant does not admit actual participation in the crime. *North Carolina v. Alford*, 400 U.S. 25, 37 (1970). However, if the defendant does not admit participation, the record must reflect convincing evidence of the defendant's guilt and the defendant must voluntarily, knowingly, and understandingly consent to the prison sentence. *Alford*, 400 U.S. at 37.

In the case *sub judice*, the record reflects considerable evidence implicating Chappell. The victim, Robert Johnson, was Chappell's uncle. The victim's property was found in Chappell's car. The state also had witnesses who could incriminate Chappell. Chappell now claims to have a witness, Curtis Dotson, that could testify to his innocence. McDowell testified that on the day of trial Chappell told him that he did not have any witnesses. In fact, Curtis Dotson was scheduled to be called by the prosecution as a witness against Chappell. Chappell concedes that he did not have any witnesses that were not already being called by the state. This Court finds that these facts provide sufficient evidence of Chappell's guilt.

The evidence also shows that in all likelihood the plea was in Chappell's best interest. The state

dropped his status as an habitual offender. He was also sentenced to less than the maximum. The judge suspended four of his ten year sentence and sentenced him to serve under the law existing prior to June 30, 1995, which did not require an inmate to serve eighty-five percent of his prison time. The facts indicate that Chappell was guilty and that his guilty plea was in his best interest. Thus, the fact that he was pleading guilty in his best interest rather than admitting actual guilt should not alter the validity of the plea according to the standard set forth in *North Carolina v. Alford*. 400 U.S. at 37.

Chappell also maintains that he only pled guilty because McDowell promised him that he would receive house arrest. McDowell testified that Chappell was already under house arrest and that he told Chappell that he would most likely "get time." McDowell also testified that he explained to Chappell that the court would decide what sentence to impose. At the guilty plea hearing, the judge went over the minimum and maximum sentence the court could legally impose. The record reflects that Chappell answered affirmatively when the judge specifically asked him if he understood that the maximum sentence for burglary was ten years in the Penitentiary. The judge also confirmed that Chappell knew what was in the guilty plea petition and that no one had promised him anything to sign it. At Chappell's evidentiary hearing on his post conviction relief, he acknowledges that he understood all of the statements made by the judge. Chappell also admits that he has been through this proceeding before, which indicates that he understood the implication of his plea. Based on the following facts this Court holds that Chappell's plea was voluntary.

## II. WHETHER CHAPPELL RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL

The standard of review for ineffective assistance of counsel is set out in *Strickland v. Washington*, 466 U.S. 668 (1984). This Court adopted the *Strickland* standard in *Gilliard v. State*, 462 So.2d 710, 714 (Miss. 1985). The *Strickland* test has two parts: (1) whether or not counsel's overall performance was deficient; and (2)whether or not the deficient performance, if any, prejudiced the defense. The defendant has the burden of proving both prongs of this test. *Edwards v. State*, 615 So.2d 590, 596 (Miss. 1993).

In Chappell's motion for post-conviction relief he maintains that McDowell misled him and that he was denied effective assistance of counsel. This contention is not supported by the record. At the evidentiary hearing, Chappell testifies that McDowell told him there was a chance he would get house arrest if he pled guilty. He also testifies that he told McDowell he had witnesses that would support his defense. When McDowell testified at the evidentiary hearing he refuted both of Chappell's contentions. The defendant must assert "with specificity and detail" that his counsel's performance was deficient and that the deficient performance prejudiced the defendant to establish a prima facia case of ineffective assistance of counsel. *Cole v. State*, 666 So.2d 767, 775 (Miss. 1995); *citing Perkins v. State*, 487 So.2d 791,793 (Miss. 1986). Chappell's unsubstantiated testimony is not enough to establish a prima facie case of ineffective assistance of counsel. Consequently, Chappell's claim is without merit.

## CONCLUSION

Chappell failed to show an involuntary guilty plea or ineffective assistance of counsel. This Court affirms the lower court's denial of post conviction relief.

**LOWER COURT'S DENIAL OF POST CONVICTION RELIEF AFFIRMED.**

**LEE, C.J., PRATHER AND SULLIVAN, P.JJ., PITTMAN, BANKS, ROBERTS AND SMITH, JJ., CONCUR. McRAE, J., CONCURS IN RESULT ONLY.**