# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 96-CA-00062-SCT

*BOBBY GLEN WALL A/K/A BOBBY GLENN WALL, SR.*

*v.*

*STATE OF MISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 12/21/95 |
| TRIAL JUDGE: | HON. KEITH STARRETT |
| COURT FROM WHICH APPEALED: | LINCOLN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: DEIRDRE MCCRORY |
| DISTRICT ATTORNEY: | DUNN LAMPTON |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED. - 12/08/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE SULLIVAN, P.J., SMITH AND MILLS, JJ.**

**SULLIVAN, PRESIDING JUSTICE, FOR THE COURT:**

Bobby Glen Wall was indicted during the January 1995 Term of the Lincoln County Grand Jury for five counts of burglary of a dwelling by a habitual offender in violation of Miss. Code Ann. § 97-17-19 (1994). On January 12, 1995, Wall and his attorney, Patsy Bush, signed a Know Your Rights Form and a Waiver of Arraignment. Wall pled guilty to all five counts of burglary, and Circuit Court Judge Keith Starrett signed a Change of Plea. The Change of Plea did not mention Wall's status as a habitual offender. On February 3, 1995, Judge Starrett sentenced Wall to seven years each for Counts One, Two, and Three to run concurrently, and seven years each for Counts Four and Five to run concurrently. The seven-year sentence for Counts One, Two, and Three and the seven-year sentence for Counts Four and Five were to run consecutively. However, these sentences were to run concurrently with other sentences in other jurisdictions. A motion by Wall to reconsider the

sentencing was overruled by Judge Starrett in an order signed on March 15, 1995.

Wall did not appeal from his conviction and sentence, but filed a motion for post conviction relief (hereinafter PCR motion) on October 19, 1995. In his PCR motion, Wall alleged that the trial court's sentence was illegal, that he received ineffective assistance of counsel, that the sentences violated the Double Jeopardy Clause, and that he was denied due process by the trial court's failure to hold a preliminary hearing in his case. After reviewing an affidavit from Attorney Patsy Bush, the court file and pleadings, and the Know Your Rights Form, Judge Starrett denied Wall's PCR motion on December 21, 1995. The judge found that "it plainly appears from the face of the motion, the annexed exhibits and the prior proceedings in this case, that the movant is not entitled to any relief." Judge Starrett later clarified his decision in an April 16, 1996, order in which he stated that there were "no genuine issues made regarding double jeopardy, illegal sentence, or violation of due process." It is from this denial of post conviction relief that Wall appeals to this Court.

## STATEMENT OF THE LAW

### I.

### SENTENCES WERE AND ARE ILLEGAL UNDER THE LAWS OF THE CONSTITUTION OF THE UNITED STATES AND THE MISSISSIPPI STATE CONSTITUTION.

Wall first argues that the trial court failed to follow the mandatory sentencing guidelines for habitual offenders under Miss. Code Ann. § 99-19-81 (1994). The State does not address this issue in its brief. Section 99-19-81 requires that habitual offenders convicted of a felony be "sentenced to the maximum term of imprisonment prescribed for such felony." Miss. Code Ann. § 99-19-81 (1994). Wall pled guilty to five counts of burglary of a dwelling under Miss. Code Ann. § 97-17-19 (1994), which carries a maximum penalty of ten years. Miss. Code Ann. § 97-17-19 (1994) (repealed eff. April 11, 1996). As a result, if Wall were sentenced as a habitual offender on five counts of burglary of a dwelling, the trial judge would have been required to sentence him to ten years for each count, totaling fifty years imprisonment. Wall curiously argues that he was improperly sentenced, because the trial judge sentenced him to too short of a prison term. However, although Wall was indicted as a habitual offender, he did not plead guilty to the habitual offender portion of the indictment. Wall noted in his Motion to Reconsider Sentence that Judge Starrett agreed not to sentence him as a habitual offender, because the Change of Plea did not refer to Wall's status as a habitual offender. Since Wall did not plead guilty as a habitual offender, the judge's sentence of seven years per count was within the statutory sentencing guidelines of § 97-17-19.

### II.

### APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL AS AFFORDED BY LAW.

In his second assignment of error, Wall asserts a claim of ineffective assistance of counsel. He maintains that his attorney's performance was deficient in that she gave him erroneous advice, allowing him to be unlawfully sentenced in violation of § 99-19-81. As a result, Wall argues that his guilty plea was rendered involuntary.

The State contends that Wall has failed to allege ineffective assistance of counsel with the required specificity and detail. Instead, it points out that Wall only makes a bald assertion that his attorney's performance was deficient without showing that any alleged error was the proximate cause of his guilty plea.

In order to make a successful argument for ineffective assistance of counsel, the criminal defendant must show that 1) his attorney's performance was deficient, and 2) that but for the attorney's deficiency, the outcome of the proceedings would have been different. *Wiley v. State*, 517 So.2d 1373, 1378 (Miss. 1987) (*citing Strickland v. Washington*, 466 U.S. 668, 687 (1984)). The same test applies to the challenge of a guilty plea based upon ineffective assistance of counsel. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). In order to prove that a guilty plea was rendered involuntary based upon ineffective assistance of counsel, a defendant must first show that his attorney's advice on entering the guilty plea was outside of the realm of competence expected of criminal attorneys. *Id*. at 56-59.

> The second, or "prejudice," requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

*Id*. at 59. *See also Harveston v. State*, 597 So.2d 641, 642 (Miss. 1992) (*citing Reynolds v. State*, 521 So.2d 914, 918 (Miss.1988); *Odom v. State*, 498 So.2d 331, 333-34 (Miss.1986); *Coleman v. State*, 483 So.2d 680, 682-83 (Miss.1986)) (defendant must "allege that the asserted errors of his attorney proximately resulted in his guilty plea and, but for these errors, he would not have entered the plea").

Where the criminal defendant relies on erroneous advice from his attorney regarding sentencing in deciding to plead guilty, this Court will reverse and remand for an evidentiary hearing. *Tiller v. State*, 440 So.2d 1001, 1006 (Miss. 1983). Wall points to a case out of California to support his contention that the trial court erred in summarily dismissing his claim. "The contention that a guilty plea was not entered knowingly or voluntarily can seldom be resolved without a hearing because most allegations that the plea was induced by lack of knowledge or by a broken promise, or by some other improper factor, involve facts outside the record." *Chavez v. Wilson*, 417 F.2d 584, 586 (9th Cir. 1969) (citations omitted). However, in Mississippi the defendant "must allege these matters with specificity and detail" for an evidentiary hearing to be required. *Perkins v. State*, 487 So.2d 791, 793 (Miss. 1986).

Here, Wall fails to show either that his attorney's performance was deficient or that the alleged deficiency was the proximate cause of his guilty plea. As previously discussed, Wall was not sentenced in violation of the statutory guidelines, so his counsel's performance cannot be called deficient due to his allegations of an illegal sentence. Wall's attorney was successful in obtaining a lesser sentence for him than he would have received had he gone to trial and been convicted as charged. "Generally speaking, when on appeal we review findings of ultimate fact made by a trial court sitting without a jury, we enforce the familiar substantial evidence/clearly erroneous test, and it thus quite limits our scope of review. This premise has been applied to proceedings for post-

conviction relief." ***McClendon v. State***, 539 So.2d 1375, 1377 (Miss. 1989) (citations omitted). We will give deference to the decision of the trial judge, who reviewed the record, pleadings, and affidavit of Wall's attorney.

## III.

## SENTENCES VIOLATE APPELLANT'S RIGHT AGAINST PROTECTION FROM DOUBLE JEOPARDY.

Wall claims that the trial court sentenced him twice for each count of burglary in violation of the Double Jeopardy Clause. However, the record simply does not support his assertion. Judge Starrett sentenced Wall to concurrent seven-year terms on counts one, two, and three to be served consecutively to the concurrent seven-year terms on counts four and five. Wall was sentenced one time for each separate count of burglary of a dwelling. It is within the trial judge's discretion to sentence a defendant separately for each count. "Double jeopardy protects criminal defendants from being exposed to more than one prosecution for the same offense. It does not protect a defendant against different prosecutions for different offenses." ***Wright v. State***, 540 So.2d 1, 5 (Miss. 1989) (*citing* ***Hughes v. State***, 401 So.2d 1100 (Miss.1981)). This issue is without merit.

## IV.

## APPELLANT WAS DENIED DUE PROCESS OF LAW BY BEING DENIED AN INITIAL APPEARANCE AND PRELIMINARY HEARING.

Wall contends that he was improperly denied an initial appearance and a preliminary hearing in violation of Rules 1.04 and 1.07 of the Uniform Criminal Rules of Circuit Court Practice. Rule 1.07 requires that a preliminary hearing be held to determine whether an accused should be held over to the next grand jury. U.C.R.C.C.P. Rule 1.07. This Court has held that the right to a preliminary hearing is waived once the accused has been indicted. ***Mayfield v. State***, 612 So.2d 1120, 1128-29 (Miss. 1992). Since Wall was indicted, his right to a preliminary hearing is waived. Furthermore, "[t]he preliminary hearing rule affords an accused no right of discovery," so Wall's allegation that the lack of a preliminary hearing in his case deprived him of a valuable discovery opportunity is without merit. ***Addkison v. State***, 608 So.2d 304, 312 (Miss. 1992) (*quoting* ***Hansen v. State***, 592 So.2d 114, 123 (Miss. 1991)).

Rule 1.04 requires that "[e]very arrested person shall be taken before a judicial officer without unnecessary delay" to be advised of his rights to remain silent and against self-incrimination, his right to assistance of counsel and to speak to counsel or family or friends, and his right to a preliminary hearing. U.C.R.C.C.P. Rule 1.04. This Court has held that an initial appearance must be held within forty-eight hours after arrest to comply with the "without unnecessary delay" component of Rule 1.04. ***Ormond v. State***, 599 So.2d 951, 955 (Miss. 1992). Wall alleges that he was denied a timely initial appearance, because he did not appear before a judicial officer until thirteen days after his arrest. Wall did not assert his claim regarding the delay in his initial appearance in his PCR motion, but instead raises it for the first time on appeal to this Court. As a result, this issue is procedurally barred. ***Dunn v. State***, 693 So.2d 1333, 1339 (Miss. 1997). Aside from the procedural bar, Wall has failed to provide an adequate record for us to decide this issue. "[T]he burden is on the appellant to make sure that the record contains 'sufficient evidence to support his assignments of error on

appeal.'" ***Jackson v. State***, 684 So.2d 1213, 1224 (Miss. 1996) (*quoting* ***Hansen v. State***, 592 So.2d 114, 127 (Miss. 1991)). The record lacks any reference to the dates of Wall's arrest or initial appearance. Furthermore, Wall makes no claim of prejudice resulting from the alleged delay in his initial appearance. *See* ***Thomas v. State***, 645 So.2d 1345, 1349 (Miss. 1994); ***Ormond***, 599 So.2d at 956.

## CONCLUSION

Wall was properly sentenced within the statutory guidelines, so his claims of illegal sentence, ineffective assistance of counsel, and double jeopardy have no merit. Because he was indicted by the grand jury, Wall's right to a preliminary hearing has been waived. Similarly, the issue of his being denied a timely initial appearance is procedurally barred. The trial court properly dismissed Wall's claims set out in his petition for post-conviction relief pursuant to Miss. Code Ann. § 99-39-11(2) (1994). We therefore affirm the trial court's dismissal of Wall's petition for post-conviction relief.

**LOWER COURT'S DENIAL OF POST CONVICTION RELIEF AFFIRMED.**

**LEE, C.J., PRATHER, P.J., PITTMAN, BANKS, McRAE, ROBERTS, SMITH AND MILLS, JJ., CONCUR.**