## IN THE SUPREME COURT OF MISSISSIPPI
## NO. 97-CA-00053-SCT

*JOE HARRIS, JR.*

*v.*

*STATE OF MISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 12/11/96 |
| TRIAL JUDGE: | HON. L. BRELAND HILBURN, JR. |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: SCOTT STUART |
| DISTRICT ATTORNEY: | DOUG EVANS |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 12/18/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 2/12/98 |

**BEFORE SULLIVAN, P.J., SMITH AND MILLS, JJ.**

**MILLS, JUSTICE, FOR THE COURT:**

### STATEMENT OF THE CASE

In January 1992, the grand jury of the First Judicial District of Hinds County indicted Joe Harris Jr. on charges of armed robbery, rape, sexual assault, aggravated assault, kidnaping, and shooting into an occupied dwelling.. On June 7, 1993, Harris pled guilty to these offenses. The Honorable Judge Breland Hilburn sentenced Harris as follows: 30 years for kidnaping, 30 years for armed robbery, 30 years for rape, 30 years for sexual battery, 20 years for aggravated assault, and 5 years for shooting within an occupied building. Harris's sentences for kidnaping and armed robbery were to run consecutively, and the rest of his sentences were to run concurrently. Harris made a motion to vacate and set aside the judgements and sentences. The Circuit Court of Hinds County denied this motion. Aggrieved, Harris appeals to this Court assigning the following issues as error:

**I. WHETHER APPELLANT'S GUILTY PLEA WAS KNOWINGLY, VOLUNTARILY, AND INTELLIGENTLY MADE.**

**II. WHETHER APPELLANT WAS DENIED HIS SIXTH AMENDMENT CONSTITUTIONAL RIGHT TO A SPEEDY TRIAL.**

**III. WHETHER APPELLANT RECEIVED EFFECTIVE ASSISTANCE OF COUNSEL.**

## STATEMENT OF THE FACTS

On October 25, 1991, Harris and his friend McDonald abducted a twenty year old female, Christian Coker, from a Millsaps College parking lot. Harris and McDonald held her at gunpoint and forced her to drive them off campus to a vacant lot near Baptist Hospital where they raped and sodomized her. Harris and McDonald then took her to a nearby Trustmark where they demanded that she withdraw money from the automatic teller machine. This attempt was unsuccessful because at this point Coker escaped. As she fled, Harris and McDonald began shooting at her hitting her in the left leg and the left buttock. She managed to run into a Shell Service Station. Harris and McDonald drove up to the service station and fired inside. Harris and McDonald drove away with Coker's car, jewelry, and personal belongings.

Harris was arrested and at the time of his arrest he was wearing some of Coker's jewelry. Subsequently, Harris gave a complete statement conceding his culpability in these crimes.

## DISCUSSION

## I. WHETHER HARRIS'S GUILTY PLEA WAS KNOWINGLY, VOLUNTARILY, AND INTELLIGENTLY MADE

Harris claims that the reason he pled guilty was because his attorney informed him that if he did not plead guilty he would have to go to trial and that the state would show evidence that he committed the crimes for which he was accused. This claim is so obviously without merit that it does not warrant the attention of this Court.

## II. WHETHER HARRIS WAS DENIED HIS SIXTH AMENDMENT CONSTITUTIONAL RIGHT TO A SPEEDY TRIAL.

The appellate record does not include the exact date of Harris's arrest, but Harris's brief and the state's brief indicate that he was arrested at the end of October in 1991. The Hinds County Grand Jury indicted Harris in the January term of 1992. Harris was arraigned on June 7, 1993, at which time he pled guilty. Harris now claims that he was denied his right to a speedy trial. A valid guilty plea waives all non-jurisdictional rights or defects which are incident to trial. *Banana v. State*, 635 So.2d 851, 853-54 (Miss. 1994). This Court has held that a right to a speedy trial is specifically included in the rights which can be waived or forfeited. *Anderson v. State*, 577 So.2d 390, 392 (Miss. 1991). The record reflects that when Harris pled guilty he waived all rights incidental to trial. Thus, Harris effectively waived his right to a speedy trial.

Even if Harris had not waived his right to a speedy trial, he would not be able to show that his Constitutional right to a speedy trial was violated. The landmark case in this area is *Barker v. Wingo*,

407 U.S. 514(1972). The ***Barker*** Court set forth a balancing test to ascertain if a defendant's right to a speedy trial has been violated. ***Barker***, 407 U.S. at 514. The four factors to consider in this balancing test are: (1) Length of the delay; (2) Reason for the delay; (3) Whether the defendant asserted his right to a speedy trial; and (4) Whether the defendant was prejudiced by the delay. ***Id.***

In the case sub judice the only one of these factors which is favorable to Harris is the length of the delay. While the record does not give exact dates, it does reflect that more than eighteen months passed between the date Harris was arrested and the date he was arraigned. Any delay over eight months is presumptively prejudicial. ***Smith v. State***, 550 So.2d 406, 408 (Miss 1989). However, a delay over eight months standing alone does not constitute a violation of the defendant's right to a speedy trial. This brings us to the reason for the delay. A delay of a year or more is not unreasonable if the reason for the delay is a "neutral" reason such as crowded dockets or a shortage of prosecutorial staff if the delay does not result in prejudice to the defendant. ***McGhee v. State***, 657 So.2d 799, 802-803 (Miss. 1995). Harris does not contend that he was prejudiced by the delay, nor does he claim the delay was for a non-"neutral" reason.

Not only does Harris fail to show that he was prejudiced by the delay, but he also did not ask for a speedy trial. "[F]ailure to assert the right will make it difficult for a defendant to prove that he was denied a speedy trial." ***Barker v. Wingo***, 407 U.S. 514, 532 (1972). Although Harris's failure to ask for a speedy trial is not dispositive, it must be weighed against him when considering the ***Barker*** factors. ***Vickery v. State***, 535 So.2d 1371, 1377 (Miss. 1988). Even if Harris had not waived his right to a speedy trial, in light of the ***Barker*** balancing test and factors, his right was not violated.

## III. WHETHER HARRIS RECEIVED EFFECTIVE ASSISTANCE OF COUNSEL.

The standard of review for ineffective assistance of counsel is set out in ***Strickland v. Washington***, 466 U.S. 668 (1984). This Court adopted the ***Strickland*** standard in ***Gilliard v. State***, 462 So.2d 710, 714 (Miss. 1985). The ***Strickland*** test has two parts: (1) whether or not counsel's overall performance was deficient; and (2)whether or not the deficient performance, if any, prejudiced the defense. The defendant has the burden of proving both prongs of this test. ***Edwards v. State***, 615 So.2d 590, 596 (Miss. 1993).

Harris claims that his attorneys, William Kirksey and Chris Ganner, provided ineffective assistance of counsel because they failed to ensure that he received a speedy trial. Harris fails to meet either prong of the ***Strickland*** test. The defendant must assert "with specificity and detail" that his counsel's performance was deficient and that the deficient performance prejudiced the defendant in order to establish a prima facie case of ineffective assistance of counsel. ***Cole v. State***, 666 So.2d 767, 775 (Miss. 1995)( *citing* ***Perkins v. State***, 487 So.2d 791,793 (Miss. 1986)). The only allegation Harris makes against his attorneys is that they allowed the state to violate his right to a speedy trial. As stated above Harris waived his right to a speedy trial when he pled guilty. Thus, the fact that Harris's counsel did not secure him a speedy trial cannot be seen as deficient performance.

Even if Harris could prove that his counsel's performance was deficient, he fails to allege that his counsel's "mistake" prejudiced him in any way. Thus, Harris does not meet the second prong of the ***Strickland*** test.

There is a strong presumption that counsel's performance fell within the wide range of reasonable

professional assistance. *Hiter v. State*, 660 So. 2d 961, 965 (Miss 1995). Harris fails to overcome this presumption.

## CONCLUSION

Finding no merit with any of Harris's assignments of error, we deny Harris's motion to vacate and set aside his judgement.

**LOWER COURT'S DENIAL OF POST CONVICTION RELIEF AFFIRMED.**

**LEE, C.J., PRATHER AND SULLIVAN, P.JJ., PITTMAN, BANKS, McRAE, ROBERTS AND SMITH, JJ., CONCUR.**