724 So.2d 475 (1998)
Joseph Lee ANDERSON, Appellant,
v.
STATE of Mississippi, Appellee.
No. 97-KA-00397COA.
Court of Appeals of Mississippi.
December 8, 1998.
*476 W.C. Trotter III, Belzoni, Attorney for Appellant.
Office of the Attorney General by Pat Flynn, Attorney for Appellee.
Before McMILLIN, P.J., DIAZ and PAYNE, JJ.
McMILLIN, P.J., for the Court:
¶ 1. Joseph Anderson, convicted by a Humphreys County jury of armed robbery, has appealed his conviction to this Court. Anderson attacks his conviction on four separate fronts. He claims the evidence was insufficient to convict as a matter of law. Alternatively, he argues that the guilty verdict was against the weight of the evidence. He complains that evidence concerning his identification by the robbery victim in a photographic lineup was improperly suggestive. *477 Finally, he suggests prosecutorial misconduct by virtue of the nature of the State's closing argument. We find these issues to be without merit, and, therefore, affirm Anderson's conviction.

I.

Facts
¶ 2. Catherine Wigley was working as a clerk in Grice's Package Store in Belzoni in June 1996, when two black males entered the store and attempted to rob the store at gunpoint. One of them accidentally set off an alarm while attempting to force open the cash register, and the two men fled the store. Wigley claimed that she recognized one of the robbers, though she did not know his name, because he had been a customer in the store in the past. Based on her description, investigating officers concluded that Anderson, who had recently been taken into custody on an unrelated matter, might be that person. They assembled a photographic lineup of six individuals including Anderson and asked Wigley to view the lineup. She identified Anderson from the lineup.
¶ 3. Based on this identification, Anderson was indicted for the crime. Wigley also made an incourt identification of Anderson as one of the robbers during the course of the trial.

II.

The First Issue: The Sufficiency of the Evidence
¶ 4. If the State fails to present credible evidence as to each of the material elements of the crime, a conviction cannot stand on appeal. In determining whether there was sufficient evidence to support the conviction, an appellate court is charged to view the evidence in the light most favorable to upholding the conviction. Taylor v. State, 672 So.2d 1246, 1255 (Miss.1996). It is only when, viewing the evidence in that light, a reviewing court is convinced that no reasonable juror could find the defendant guilty that the court may properly interfere. Id.
¶ 5. In this case, the State presented evidence, primarily in the form of testimony from the store clerk, that established that the crime of armed robbery was committed and that implicated Anderson as one of the participants in the robbery. Anderson's argument on this point consists primarily of an attack on the credibility of the store clerk's identification. The jury is charged with the responsibility of weighing the credibility of the witnesses who testify at trial and of deciding the appropriate weight to give any particular testimony in resolving the disputed issues of fact. Stennis v. State, 234 So.2d 611, 614 (Miss.1970). In this case, the jury evidently chose to believe the clerk's testimony that she could positively identify Anderson as one of the culprits. We have reviewed her testimony and do not find it so incredible or unworthy of belief that we could say, as a matter of law, that the jury should have rejected it. Having so decided, we cannot say with the certainty that would be required for us to interfere in the jury's decision that the evidence was insufficient to sustain this conviction.
¶ 1. Anderson also claims, based on his perception of the weakness of the clerk's identification coupled with his alibi evidence, that the verdict was against the weight of the evidence. Such a finding would permit Anderson a second trial. Fairchild v. State, 459 So.2d 793, 798, 799 (Miss.1984). There was, beyond doubt, conflicting evidence on the question of Anderson's involvement in the crime. Under our system of justice, the resolution of such disputes in the evidence is submitted to the jury for resolution. Garrett v. State, 549 So.2d 1325, 1331 (Miss.1989). The courtwhether the trial court acting on a new trial motion or an appellate court reviewing the recordis permitted to interfere only if it appears that a manifest injustice has occurred. Id. Viewing the evidence in the light most favorable to the verdict, we are satisfied that no such manifest injustice has occurred in this case. The trial court did not err when it denied Anderson a new trial based on his challenge to the weight of the evidence against him.

III.

The Second Issue: The Suggestive Nature of the Photographic Lineup
¶ 7. Anderson claims that evidence that the store clerk identified him in a photographic *478 lineup should have been excluded because of the suggestive nature of the lineup. He argues that the admission of that evidence was unduly prejudicial to his defense, and that he ought to be permitted a new trial at which such evidence would be excluded.
¶ 8. If a crime victim identifies a particular suspect in a photographic lineup so constructed that, for any reason, the suspect is singled out or is unreasonably conspicuous, then the identification is deemed tainted and inadmissible. Arteigapiloto v. State, 496 So.2d 681, 683 (Miss.1986). In this case, Anderson points out that the remaining five photographs in the lineup appear to be photographs that were developed and printed commercially whereas it is obvious that Anderson's photograph is a self-developing one taken with a Polaroid camera. The commercially developed photographs had no border whereas the Polaroid picture had a white border. His argument is that anyone viewing this lineup would immediately note the difference in the photographic process and that this, standing alone, made it unduly suggestive that Anderson was the principal suspect.
¶ 9. This Court has reviewed the photographs used in the lineup. The physical characteristics of the persons themselves are sufficiently similar to avoid suggestiveness. The backgrounds of the various photographs indicate quite clearly that they all involve persons in the custody of law enforcement. The only noticeable difference is the different photographic technique used to capture Anderson's likeness. We conclude that the existence of a white border on Anderson's photograph does not, of itself, make that photograph so distinctive as to improperly single it out. The other photographs have minor distinctions in shape and size and show different backgrounds. In some of them, the individuals are holding up identification placards and in some they are not. All of these considerations tend to indicate that all of the photographs were taken at different times and possibly with different cameras. Thus, the minor differences in the appearance of Anderson's photograph are not so distinctive as to improperly single him out. There is, in our opinion, no possibility of "a very substantial likelihood of irreparable misidentification." York v. State, 413 So.2d 1372, 1384 (Miss.1982). We find this issue to be without merit.

IV.

The Third Issue: Prosecutorial Misconduct in Summation
¶ 10. Anderson asserts in his final issue that the prosecuting attorney made a number of improper and misleading or inflammatory remarks in summation, the effect of which was to so prejudice him in the eyes of the jury that they could not deliberate fairly and dispassionately on the issue of his guilt. In his brief, Anderson points to six separate statements by the prosecution. The impropriety urged by Anderson ranges from the prosecuting attorney vouching for the credibility of a witness to urging the jury to consider matters not in evidence. Anderson urges in this appeal that the Court consider the cumulative effect of these improper statements and order a new trial.
¶ 11. We conclude that there is a procedural bar that prevents us from considering this issue. In four of the six instances complained of in this appeal, Anderson's counsel interposed a timely objection which the trial court sustained. Defense counsel did not then move for a mistrial, which is a prerequisite to preserving that particular act of prosecutorial misconduct for consideration on appeal. Austin v. State, 384 So.2d 600, 601 (Miss.1980). Neither did defense counsel raise the issue of the cumulative effect of these improper arguments with the trial court, either before the jury retired or in a new trial motion. This Court will not put the trial court in error for matters that were not properly presented to the trial court for resolution. White v. State, 532 So.2d 1207, 1216 (Miss.1988).
¶ 12. As to the two objections that were overruled, we find that the trial court was correct in its ruling as to one and that the other, even assuming the trial court erred in overruling defense counsel's objection, was not so unduly prejudicial as to require reversal.
*479 ¶ 13. The first instance involved the prosecution attacking Anderson's assertion that he learned of the robbery from his grandmother. The prosecuting attorney suggested that the only two logical possibilities were that Anderson's "buddy" told him about it or that Anderson himself was there. Defense counsel objected on the ground that this argument was based on speculation and not on any evidence in the record. The Mississippi Supreme Court has stated that the prosecutor "may comment on facts in evidence and may draw proper deductions from those facts." Chase v. State, 645 So.2d 829, 855 (Miss.1994). The prosecution appeared to be urging the jury to draw a particular deduction from the available evidence and was not an instance of the State advancing evidence that was not in the record. We do not conclude that the trial court erred in overruling defense counsel's objection in this instance.
¶ 14. The second instance occurred when the prosecuting attorney made this statement:
If you turn this defendant loose on this evidence, then you might as well just tell him he's free to go back out and get his gun and go wage war on the merchants of Humphreys County.
¶ 15. This Court is of the opinion that such hyperbolic statements do little to advance the cause of justice. These remarks can serve no useful purpose but to intimidate the jury into returning a verdict favorable to the State solely because of the proposition that to do otherwise would be to endorse general lawlessness. While there is no impediment to the prosecuting attorneyas well as defense counsel, for that matterengaging in forceful and aggressive argument, it is not proper to purposely appeal to the fears and prejudices of the jurors in an attempt to sway their deliberations. Brewer v. State, 704 So.2d 70, 72 (Miss.1997).
¶ 16. Nevertheless, while we do not condone this form of argument by the State, we are not convinced that this one isolated comment so prejudiced Anderson that he was effectively denied a fundamentally fair trial. Having so concluded, we decline to reverse this jury verdict for this one improper remark by the prosecution.
¶ 17. THE JUDGMENT OF THE HUMPHREYS COUNTY CIRCUIT COURT OF CONVICTION OF ARMED ROBBERY AND SENTENCE OF TEN (10) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HUMPHREYS COUNTY.
BRIDGES, C.J., THOMAS, P.J., and DIAZ, HERRING, HINKEBEIN, KING, PAYNE and SOUTHWICK, JJ., concur.
COLEMAN, J., dissents with separate opinion.
COLEMAN, J., dissents:
¶ 18. With deference to the majority, I decline to join them. I would reverse the trial court's judgment of Appellant Anderson's conviction of armed robbery and would remand for a new trial because I find Anderson's third issue to be meritorious. I refer to the following argument by the prosecutor:
If you turn this defendant lose on this evidence, then you might as well just tell him he's free to go back out and get his gun and go wage war on the merchants of Humphreys County.
¶ 19. While the majority acknowledges that "it is not proper to appeal purposely to the fears and prejudices of the jurors in an attempt to sway their deliberations," the majority nevertheless remains unconvinced "that this one isolated comment so prejudiced Anderson that he was effectively denied a fundamentally fair trial." (maj. op., p. 479) (citing Brewer v. State, 704 So.2d 70, 72 (Miss.1997)). The majority remains unconvinced even though they acknowledge that "[t]hese remarks can serve no useful purpose but to intimidate the jury into returning a verdict favorable to the State solely because of the proposition that to do otherwise would be to endorse general lawlessness." (maj.op., p. 479).
¶ 20. To me, this argument goes beyond intimidating the jury into finding Anderson *480 guilty of armed robbery because acquitting him "would be to endorse general lawlessness." The prosecutor insinuated that if the jurors were so audacious as to acquit Anderson, they would become personally responsible for Anderson's subsequent criminal behavior. With complete deference to my colleagues in the majority, I suggest that this argument denigrates the presumption of innocence to which Anderson was entitled even during the closing argument phase of his trial. Even more troubling is the State's plainly placing the guilt upon the members of this jury for any harm that might befall others in their community as the result of Anderson's future criminal activity.
¶ 21. I join the majority's refusal to condone the prosecutor's argument because I agree with their evaluation of it, but I must dissent because in my view, this argument alone effectively denied Anderson a fundamentally fair trial. For this reason, I would reverse and remand for a new trial.