DIAZ, J.,
for the Court:
¶ 1. Douglas McCarty, the appellant, seeks post-conviction relief after he entered a guilty plea to manslaughter in Lincoln County Circuit Court. McCarty raises the following issue in his appeal whether his conviction was in violation of the United States and Mississippi Constitutions, specifically his right to effective assistance of counsel. Finding no error, we deny McCarty’s petition for post conviction relief.
FACTS
¶ 2. On October 22, 1996, McCarty was indicted by the grand jury in Lincoln County for manslaughter. He was appointed legal counsel. Later, in April 1997, McCarty pled guilty to manslaughter after being apprized of his constitutional rights. At the hearing for his guilty plea, McCarty admitted that he committed the offense. McCarty was sentenced to serve a term of twenty years in the custody of the Mississippi Department of Corrections.
¶ 3. On May 20, 1998, after reviewing the plea transcript and • affidavits submitted by McCarty, the circuit court dismissed McCarty’s plea petition stating that he was not entitled to any relief. Feeling aggrieved, McCarty perfects this appeal.
DISCUSSION
WHETHER McCARTY’S CONVICTION WAS IN VIOLATION OF THE UNITED STATES AND MISSISSIPPI CONSTITUTIONS, SPECIFICALLY HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL
¶ 4. In order to succeed on any ineffective assistance of counsel claim, the defendant must satisfy the two-part test articulated in Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), as adopted by the Mississippi Supreme Court in Stringer v. State, 454 So.2d 468, 477 (Miss.1984), which requires a showing that (1) counsel’s performance was deficient and (2) that the deficiency prejudiced the defense. In other words, a defendant must allege with “specificity and detail,” in a non-conclusory fashion, matters to show both that his counsel’s performance was deficient, and that said deficient performance prejudiced him. Perkins v. State, 487 So.2d 791, 793 (Miss.1986). “The burden to demonstrate both prongs is on the defendant who faces a strong but rebuttable presumption that counsel’s performance falls within the broad spectrum of reasonable professional assistance.” Eakes v. State, 665 So.2d 852, 872-73 (Miss.1995). “Only where there is a reasonable probability that without counsel’s error the outcome of the trial would have been different will this Court find ineffective representation.” Id. at 873.
¶ 5. McCarty argues that he received ineffective assistance of counsel because his counsel deprived him of his afforded right to have compulsory process for obtaining witnesses in his favor, his counsel failed to investigate mitigating evidence in preparation of his defense, his counsel convinced him that the State had overwhelming evidence of his guilt when, in reality, its case was merely “conclusory, accusatory, and speculative,” and his counsel failed to investigate the case adequately. Under the principles enunciated in Strickland and Stringer, McCarty failed to prove these claims. McCarty was interrogated by the circuit judge when he tendered his plea. Under oath, McCarty testified that he consulted with his attorney about the consequences of pleading guilty. McCarty’s statements in his “Know Your Rights Before Pleading” form and at the time of his sentencing and the transcript of McCarty’s conversation with his counsel belie his claims that his counsel coerced him into pleading guilty or otherwise rendered ineffective assistance. McCarty has not rebutted the presumption under Eakes that counsel’s performance at the plea agree *416 ment fell within the broad spectrum of reasonable professional assistance nor that it prejudiced the defense. Further, a review of the record shows no error in his attorney’s performance. As a result, we find McCarty’s claim of ineffective assistance of counsel to be without merit.
¶ 6. THE JUDGMENT OF THE LINCOLN COUNTY CIRCUIT COURT, DENYING POST CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LINCOLN COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, IRVING, LEE, MOORE, PAYNE, AND THOMAS, JJ., CONCUR.