830 So.2d 1269 (2002)
Vincent Edward MONTGOMERY, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2001-KA-01033-COA.
Court of Appeals of Mississippi.
September 24, 2002.
Rehearing Denied November 19, 2002.
*1270 Robert H. Koon, Gulfport, attorney for appellant.
Office of the Attorney General by Jean Smith Vaughan, attorney for appellee.
Before KING, P.J., IRVING, and BRANTLEY, JJ.
KING, P.J., for the court.
¶ 1. Vincent Edward Montgomery was found guilty in the Circuit Court of Harrison County, Mississippi, First Judicial District *1271 of the transfer of cocaine. He was sentenced to serve a term of thirty years in the custody of the Mississippi Department of Corrections as an habitual offender, with this sentence to run consecutively to a previously imposed sentence. Aggrieved by his conviction, Montgomery has appealed and raised the following issues which we quote verbatim:
I. The court erred in denying Defendant Instruction D-3.
II. The evidence was against the overwhelming weight of the credible evidence and the Court erred in failing to grant defendant's motion for a new trial.

FACTS
¶ 2. On September 11, 1998, agents of the narcotics task force in Harrison County worked with Ronald Sterling, a confidential informant, in a controlled buy of cocaine from Vincent "Beau" Montgomery. Sterling met with Mark Hoskins of the Harrison County Sheriff's Department at approximately 3:30 p.m., at which time he called Montgomery to set up the buy. Sterling was told to meet Montgomery at Montgomery's mother's house in Saucier to make the purchase.
¶ 3. Prior to the buy, Sterling met with Officers Benz, Troy Peterson, and Mark Hoskins at the Saucier Volunteer Fire Department. These officers searched Sterling and his vehicle. Sterling was fitted with a body transmitter, and given a one hundred dollar bill to purchase the crack cocaine. Officers Peterson and Hoskins listened to the transmission of the transaction from their vehicle parked nearby. Montgomery was on the porch of the house with "a bunch of crack in a big Ziploc bag." Sterling purchased one hundred dollars' worth of crack, returned to the Saucier Volunteer Fire Department and met with the task force officers. The officers had followed him from the location of the buy back to the fire station. There Sterling and his vehicle were again searched. The transmitter and the purchase were recovered by the officers.
¶ 4. The officers subsequently obtained a warrant to search the house where the transaction took place. Upon searching the house, the officers found some money and two packages of what appeared to be marijuana. The marked money used for the purchase was not found, nor was any cocaine found.
¶ 5. In December 1998, Montgomery was indicted for the transfer of a controlled substance as an habitual offender, the possession of a controlled substance, and the unlawful possession of a firearm or weapon by a convicted felon.
¶ 6. At trial on August 24, 1999, the court directed a verdict for Montgomery on the charge of possession of a controlled substance. Montgomery was found guilty of transfer of a schedule II controlled substance, and sentenced to thirty years in the custody of the Mississippi Department of Corrections under the provisions of Mississippi Code Annotated Section 99-19-81 (Rev.2000). Thereafter, the charge of possession of a firearm by a convicted felon was passed to the inactive files.
¶ 7. On August 31, 1999, defense counsel moved for a judgment notwithstanding the verdict or, alternatively, a new trial. That motion was denied.

ISSUES AND ANALYSIS

I.

Whether the trial court erred in denying defendant's instruction D-3.
¶ 8. Montgomery contends that the trial *1272 court erred in denying instruction D 3,[1] a cautionary instruction regarding the testimony of Sterling. Montgomery asserts that this cautionary instruction should have been given because "the testimony of Sterling amounted to that of an accomplice."
¶ 9. Where the State's evidence rests solely upon the testimony of an accomplice witness, this Court has said that the trial court errs in failing to give a cautionary instruction. Hall v. State, 785 So.2d 302(¶ 13) (Miss.Ct.App.2001). In order to have availed himself of the cautionary instruction, Montgomery was required to establish that Sterling was in fact an accomplice and that his testimony was without corroboration. Id.
¶ 10. An accomplice for these purposes is a person who is implicated in the commission of the crime. Burke v. State, 576 So.2d 1239, 1242 (Miss.1991). In this instance, there has been no evidence which establishes that Sterling was a co-conspirator or an accomplice.
¶ 11. In support of his contention that a cautionary instruction should have been given, Montgomery maintains that the testimony concerning the pay arrangement with Sterling was not fully disclosed to the jury. However, a review of Sterling's testimony reveals that he did disclose the amount he was paid as an informant.
¶ 12. Montgomery claims that "the State's case was based solely upon the testimony of the confidential informant who went in alone to make the buy, i.e., also assuming the role of an accomplice." A review of the record indicates testimony other than Sterling's to support this conviction. Officer Peterson testified as follows:
Mr. Sterling was then heard on the wire talking to a female and then talked to Mr. Montgomery. He then purchased a hundred dollars of crack cocaine from Mr. Montgomery.... When we got back to the meeting location, Mr. Sterling was in his truck. We pulled up beside him. Mr. Sterling had the crack cocaine beside him in the seat, and said, there it is, there's the crack cocaine.
¶ 13. Officer Hoskins, another surveillance officer who retrieved the substance from Sterling after the buy, indicated that the officers "were adequately able to monitor the purchase" from the vehicle. The substance retrieved was later determined to be crack cocaine.
¶ 14. In refusing instruction D 3, the trial judge stated:
THE COURT: Well, I certainly think that the court instructions, that the jury is to weigh the testimony of each witness who testifies and to determine the weight and the credibility to be assigned to that testimony, that instruction is sufficient as far as this confidential informant is concerned.
You on the other hand can certainly argue it to the jury, his credibility, raising the issues of him doing it for pay.

*1273 But for the court to instruct them, I don't think that's proper on a witness such as this. I'm going to refuse D 3.
¶ 15. Under these circumstances, this Court does not believe that the trial court abused its discretion in denying this instruction.

II.
Whether the evidence was against the overwhelming weight of the credible evidence and the trial court erred in failing to grant defendant's motion for a new trial.
¶ 16. Montgomery contends that the verdict was against the overwhelming weight of the evidence and that the trial court erred in failing to grant his motion for a new trial. Montgomery asserts that "he did not sell cocaine to Sterling."
On a question of overwhelming weight of the evidence, this Court must accept as true the evidence which supports the verdict and will reverse only when convinced that the circuit court has abused its discretion in failing to grant a new trial. Only when the verdict of the jury is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice will we disturb that verdict on appeal.
Sturdivant v. State, 745 So.2d 240 (¶ 11) (Miss.1999) (citations omitted).
¶ 17. Sterling testified that Montgomery sold him crack cocaine and that it was Montgomery's voice on the tape recording. Officers Peterson and Hoskins testified that they conducted surveillance by listening and recording the transaction from the transmitter.
¶ 18. The officers testified that prior to the buy Sterling was searched and did not have any contraband on his person. Upon completion of the buy, Sterling was followed by the officers back to the designated meeting place where approximately five rocks (later determined to be crack cocaine) were retrieved.
¶ 19. Generally, it is the function of the jury to pass upon the weight and worth of the evidence and to determine the credibility and veracity of the witnesses. Pate v. State, 419 So.2d 1324, 1326 (Miss.1982). Indeed, the jury is under no duty to believe the defendant's denial where there is ample contradictory evidence. Id. In this case the jury found the State's case credible.
¶ 20. There has been no evidence put forth to show that the verdict was against the overwhelming weight of the evidence nor has there been evidence presented to show that the trial court abused its discretion in denying Montgomery's motion for a new trial.
¶ 21. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY, FIRST JUDICIAL DISTRICT, OF CONVICTION OF TRANSFER OF COCAINE AND SENTENCE OF THIRTY YEARS WITHOUT HOPE OF PAROLE OR PROBATION TO RUN CONSECUTIVELY WITH THE SENTENCE IN CAUSE NUMBER B24029700457 IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO HARRISON COUNTY.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.
NOTES
[1] Instruction D-3: The testimony of one who provides evidence against a defendant as an informer for pay, must always be examined and weighed by the jury with greater care and caution than the testimony of ordinary witnesses. You, the jury, must decide whether the witness's testimony has been affected by any of those circumstances, or by the witness's interest in the outcome of the case, or by prejudice against the defendant, or by the benefits that the witness has received financially. You should keep in mind that such testimony is always to be received with caution and weighed with great care.

You should never convict any defendant upon the unsupported testimony of such a witness unless you believe that testimony beyond a reasonable doubt.