904 So.2d 1134 (2004)
Henry Lee DENNIS, Appellant
v.
STATE of Mississippi, Appellee.
No. 2003-KA-00221-COA.
Court of Appeals of Mississippi.
October 19, 2004.
Raymond M. Baum, Winona, attorney for appellant.
Office of the Attorney General by John R. Henry, attorney for appellee.
EN BANC.
IRVING, J., for the Court.
¶ 1. Henry Lee Dennis was convicted of armed robbery by a jury and was sentenced in the Circuit Court of Carroll County to twenty-seven years in the custody of the Mississippi Department of Corrections. Dennis now appeals and asserts that the circuit court erred by permitting testimony and evidence of an unduly suggestive photographic lineup identification of him by the robbery victim.
¶ 2. We find no merit in this suggestion of error. Therefore, we affirm Dennis's conviction and sentence.

FACTS
¶ 3. On February 11, 2002, at approximately 7:00 a.m., a man entered Mims' One Stop Convenience Store on Highway 82, west of Carrollton, Mississippi. Brandishing a shotgun, the man demanded money from store clerk Jacqueline Benford. After retrieving over $2,000 from the clerk, the man exited the store and made his escape in a blue and white Ford LTD.
¶ 4. Approximately two months later, Benford was shown a photo lineup of six individuals. The lineup included five photos of men dressed in jail garb and a driver's license photo of Dennis. Benford *1135 identified Dennis as the culprit of the robbery.
¶ 5. On May 28, 2002, Dennis was indicted for armed robbery of Mims' One Stop. He subsequently filed a motion to suppress identification testimony whereby he asserted that the photographic lineup from which Benford identified him was impermissibly suggestive. The circuit court overruled his motion.
¶ 6. On November 21, 2002, Dennis was convicted by a jury in the First Judicial District of Carroll County of the armed robbery of Mims One-Stop. Following his conviction, he filed a motion for a JNOV, or in the alternative, for a new trial. This motion was summarily denied by the circuit court, resulting in this appeal.

ANALYSIS AND DISCUSSION OF THE ISSUE
The standard of review for suppression hearing findings in a matter of pretrial identification cases is whether or not substantial credible evidence supports the trial court's findings that, considering the totality of the circumstances, in-court identification testimony was not impermissibly tainted.... The appellate review should disturb the findings of the lower court "only where there is an absence of substantial credible evidence supporting it."
Ellis v. State, 667 So.2d 599, 605 (Miss. 1995).
¶ 7. Dennis argues that the evidence of Benford's identification of him in a photographic lineup should have been excluded because of the suggestive nature of the lineup. Dennis argues that the differences between his photo and the others are blatantly obvious, and consequently, those differences impermissibly tainted the identification process. The State counters that the photographic lineup was not suggestive because nothing in the lineup singled out Dennis's photograph.
¶ 8. A photographic lineup is impermissibly suggestive when the accused is "conspicuously singled out in some manner from others...." York v. State, 413 So.2d 1372, 1383 (Miss.1982). In Thompson v. State, 483 So.2d 690, 692 (Miss.1986), our supreme court stated:
An impermissibly suggestive pretrial identification does not preclude in-court identification by an eye witness who viewed the suspect at the procedure, unless: (1) from the totality of the circumstances surrounding it, (2) the identification was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification.
In Neil v. Biggers, 409 U.S. 188, 199-200, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972), the U.S. Supreme Court set out five factors to be considered in determining whether a lineup is impermissibly suggestive:
1. The opportunity of the witness to view the criminal at the time of the crime.
2. The witness's degree of attention.
3. The accuracy of the witness's prior description of the criminal.
4. The level of certainty demonstrated by the witness at the confrontation.
5. The length of time between the crime and the confrontation.
Id. at 199-200, 93 S.Ct. 375. In practice, Mississippi has tended to place a heavy burden on defendants who are contesting the propriety of a pretrial identification procedure. Brown v. State, 829 So.2d 93, 102(¶ 18) (Miss.2002).
¶ 9. Dennis points out that his picture stands out like a "sore thumb" from the rest of the pictures used in the photographic identification process. He takes issue with the photographic lineup because *1136 his photograph was a driver's license picture, which included some information pertaining to his license, while the other photographs were pictures of inmates and possessed captions reading "Carroll Co. Det. Center" (Carroll County Detention Center). He further points out that his facial image is larger on his photograph than are the facial images on the other pictures. Citing Anderson v. State, 724 So.2d 475 (Miss.Ct.App.1998), Dennis concludes that the photographic lineup was impermissibly suggestive.
¶ 10. In Anderson, the defendant argued that evidence concerning his identification by the robbery victim in a photographic lineup should have been excluded because of its improper suggestiveness. Id. at 477-78(¶ 7). The defendant specifically pointed out that the remaining five photographs in the lineup appeared to be developed and printed commercially whereas his photo was a self-developed Polaroid picture with a white border. Id. at 478(¶ 8). In rejecting Anderson's argument, we stated:
This Court has reviewed the photographs used in the lineup. The physical characteristics of the persons themselves are sufficiently similar to avoid suggestiveness. The backgrounds of the various photographs indicate quite clearly that they all involve persons in the custody of law enforcement. The only noticeable difference is the different photographic technique used to capture Anderson's likeness. We conclude that the existence of a white border on Anderson's photograph does not, of itself, make that photograph so distinctive as to improperly single it out. The other photographs have minor distinctions in shape and size and show different backgrounds. In some of them, the individuals are holding up identification placards and in some they are not. All of these considerations tend to indicate that all of the photographs were taken at different times and possibly with different cameras. Thus, the minor differences in the appearance of Anderson's photograph are not so distinctive as to improperly single him out. There is, in our opinion, no possibility of "a very substantial likelihood of irreparable misidentification." (citation omitted).
Id.
¶ 11. Dennis argues that "Anderson is helpful ... because it points out the difference between `minor distinctions' and photos that are suggestive." He concludes that, in Anderson, "all of the photos had some differences" while here all the photos were alike except his.
¶ 12. Upon review of the photographs used in this case, we do not find that the minor differences in the appearance of Dennis's photograph are so distinctive as to improperly single him out. While the other photographs are marked with "Carroll Co. Det. Center" and Dennis's photograph seems to be slightly larger than the others, all pictures of the lineup have the same format, that is, the picture and biographical information of each person. Moreover, the men in the photographs seem to be of similar complexion. We consequently do not find that the photographic identification lineup in this case is impermissibly suggestive.
¶ 13. Even if we were to find that the photographic lineup was impermissibly suggestive, this would not be a basis for reversing Dennis's conviction because he confessed to the crime. Therefore, this issue is absolutely devoid of any merit.
¶ 14. THE JUDGMENT OF THE CARROLL COUNTY CIRCUIT COURT OF CONVICTION OF ARMED ROBBERY AND SENTENCE OF TWENTY-SEVEN YEARS IN THE CUSTODY OF *1137 THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH SENTENCE TO RUN CONSECUTIVELY TO ANY SENTENCE PREVIOUSLY IMPOSED, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO CARROLL COUNTY.
KING, C.J., BRIDGES AND LEE, P.JJ., MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.