BARNES, J.,
 

 for the Court.
 

 ¶ 1. On May 23, 2007, a jury sitting before the Lowndes County Circuit Court convicted Kendrick Darnell Conner of two counts of armed robbery. The circuit court sentenced Conner as a habitual offender to two concurrent sentences of thirty-five years each in the custody of the Mississippi Department of Corrections (MDOC). Following unsuccessful post-trial motions for a judgment notwithstanding the verdict (JNOV) and for a new trial, Conner now appeals. Finding no error, we affirm.
 

 SUMMARY OF FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. On May 21, 2006, Stacie Schaffer (Stacie) and her daughter, Melissa Her-rion-Schaffer (Melissa), were working at the Family Market in Columbus, Mississippi when a robber entered the store wearing a “do-rag” that covered only the left half of his face. As he entered the store, a customer who was leaving the store acknowledged him and referred to him as “Booty.” Stacie testified that the robber wore a ripped, orange and white plaid shirt, while Melissa testified that he wore an orange and white striped shirt. He approached Stacie first, pulled out a gun, and demanded that she give him the money from her register. While Stacie was emptying her register, the store’s air conditioner turned on, creating a gust of air which lifted the “do-rag,” causing the robber’s face to be exposed. He next turned his gun on Melissa, also forcing her to give him the money from her register. He put the money in one of the store’s paper sacks, warned the women not to call the police, and then exited the store. After the robber left, Stacie locked the front door and told Melissa to get her things. Stacie then took Melissa home and walked to the corner store next to their house to call the police.
 

 ¶ 3. After calling the police, Stacie returned to the store to meet the officers. There, Stacie gave a description of the robber and a statement of what had transpired to Officer Bill Smith of the Columbus Police Department. However, Melissa did not give a statement to the police until the following day. On May 24, 2006, Stacie and Melissa were given separate photographic lineups and asked to point out the robber if they saw his photograph among the group. When presented with the photographic lineup, which consisted of the booking photos of the six different men, Stacie pointed out Conner as the robber. When Melissa was asked to identify the robber using the same set of pictures, she used a small piece of paper to cover the left side of Conner’s face in the photograph. Melissa also identified Conner as
 
 *386
 
 the robber. Conner is known to answer to his alias, Rudy Talley. Stacie testified that it was possible that the name she heard the customer call Conner was “Rudy” and not “Booty.”
 

 ¶ 4. Conner was indicted for armed robbery on August 23, 2006. He pleaded not guilty, and a three-day trial began on May 21, 2007. At trial, Conner took the stand in his own defense. He unequivocally stated that he did not rob Stacie and Melissa at the Family Market. He claimed that, while he had been at the Family Market on the day of the robbery, he was not at the store at the time the robbery occurred. He testified that on that day he was wearing pajama pants, a t-shárt, and a tie around his neck. The jury found Conner guilty of both counts of armed robbery. The circuit court sentenced Conner to two concurrent thirty-five-year sentences, as a habitual offender, in the custody of the MDOC. Conner filed unsuccessful motions for a JNOV and, alternatively, for a new trial.
 

 I. INEFFECTIVE ASSISTANCE OF COUNSEL
 

 ¶ 5. Conner claims that his trial counsel should not have introduced the photographic lineup into evidence; therefore, he contends that his counsel’s representation was ineffective. In order to succeed on a claim of ineffective assistance of counsel, Conner must prove, using the two-part test articulated in
 
 Strickland v. Washington,
 
 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), that counsel’s overall performance was deficient and that this deficiency prejudiced his defense.
 
 McCarty v. State,
 
 752 So.2d 414, 415(¶ 4) (Miss.Ct.App.1999). “To show prejudice, the claimant must demonstrate that, but for his attorney’s errors, there is a reasonable probability that a different result would have occurred.”
 
 Id.
 
 There is, however, a presumption that a trial attorney’s performance is competent.
 
 Edwards v. State,
 
 615 So.2d 590, 596 (Miss.1993).
 

 ¶ 6. Conner’s only contention that his trial counsel was ineffective is that she introduced the photographic lineup into evidence. In Mississippi, however, there is a presumption that decisions made by trial counsel are strategic.
 
 Edwards,
 
 615 So.2d at 596. Therefore, conscious decisions by counsel to try a case in a certain manner “ ‘fall within the ambit of trial strategy’ and do not give rise to an ineffective assistance of counsel claim.”
 
 Pruitt v. State,
 
 807 So.2d 1236, 1240(¶ 8) (Miss.2002) (citing
 
 Cole v. State,
 
 666 So.2d 767, 777 (Miss.1995)). Upon review, we find that Conner’s defense counsel definitely submitted the photographic lineup into evidence for strategic purposes. Stacie testified that the robber had a “full scraggy beard.” The booking photograph, which was apparently taken the day after the robbery, showed Conner with a goatee. Defense counsel stated in closing arguments: “[TJhat’s why I put this in.... I submit to you that this booking photo submitted does not match the description that they gave.” The photograph used in the photographic lineup was, thus, submitted in an attempt to establish that Conner could not have been the man who had robbed the store. While Conner’s appellate counsel disagrees with the trial counsel’s strategy, that does not mean that trial counsel’s performance was ineffective.
 

 ¶ 7. Conner further contends that he was unduly prejudiced by the photographic lineup because it was impermissi-bly suggestive. Conner asserts that, of the six men pictured in the photo array, his picture was distinguishable because he was the only man with a bald head. In
 
 Dennis v. State,
 
 904 So.2d 1134, 1135(¶ 8) (Miss.Ct.Apio.2004), this Court acknowledged that “[a] photographic lineup is im-permissibly suggestive when the accused is
 
 *387
 
 ‘conspicuously singled out in some manner from others....’” (citing
 
 York v. State,
 
 413 So.2d 1372, 1383 (Miss.1982)).
 

 ¶ 8. Upon review of the photographs used in this case, we do not find that the minor differences in hair length among the photographs are so distinctive as to improperly distinguish Conner or single him out from the group. All of the men pictured have almost shaven hair. All pictures in the lineup have the same format. The men in the photographs seem to be of similar
 
 [1]
 
 complexion. Consequently, we do not find that the photographic lineup in this case was impermissibly suggestive. Moreover, the testimony and evidence before the jury, as laid out above, shows that the two victims identified Conner outside of court from a photographic lineup, and they also made in-court identifications of Conner as the man who had robbed them at gunpoint. Given the amount of evidence against Conner and the photographic identification by the two victims, we find no reasonable possibility that a different result would have occurred. Accordingly, Conner has not met either of the required prongs of the
 
 Strickland
 
 test outlined above. The alleged deficient performance by Conner’s attorney does not rise to the level required for a finding of ineffective assistance of counsel. This assertion of error is without merit.
 

 II. Whether the evidence was legally sufficient to support the verdict.
 

 ¶ 9. Conner also asserts that the evidence presented at trial was legally insufficient to support the jury’s guilty verdict. When reviewing a challenge to the sufficiency of the evidence, this Court will reverse and render only if the facts and inferences “point in favor of the defendant on any element of the offense with sufficient force that reasonable men could not have found beyond a reasonable doubt that the defendant was guilty[.]”
 
 Brown v. State,
 
 965 So.2d 1023, 1030(¶25) (Miss. 2007) (quoting
 
 Bush v. State,
 
 895 So.2d 836, 843(¶ 16) (Miss.2005)). The evidence will be deemed sufficient if “having in mind the beyond a reasonable doubt burden of proof standard, reasonable fair-minded men in the exercise of impartial judgment might reach different conclusions on every element of the offense[.]”
 
 Id.
 
 Thus, “the relevant question is whether ‘any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.’ ”
 
 Id.
 
 at (¶ 26) (quoting
 
 Bush,
 
 895 So.2d at 843(¶ 16)).
 

 ¶ 10. This Court considers the evidence in the light most favorable to the State.
 
 Bush,
 
 895 So.2d at 843(¶ 16). The State also receives the benefit of all favorable inferences that may reasonably be drawn from the evidence.
 
 Wilson v. State,
 
 936 So.2d 357, 363(¶ 16) (Miss.2006) (citing
 
 Hawthorne v. State,
 
 835 So.2d 14, 22(¶ 32) (Miss.2003)).
 

 ¶ 11. Conner was indicted and convicted under Mississippi Code Annotated section 97-3-79 (Rev.2006), which directs that an individual is guilty of armed robbery if he “take[s] or attempt[s] to take from the person or from the presence the personal property of another and against his will by violence to his person or by putting such person in fear of immediate injury to his person by the exhibition of a deadly weapon[.]” Conner claims that, under these guidelines, the State failed to prove beyond a reasonable doubt that he was guilty of two counts of armed robbery.
 

 ¶ 12. To substantiate his claim, Conner asserts that the two victims’ eyewitness testimonies were insufficient to support the jury’s guilty verdict. Specifically, he argues that the time in between the robbery and the photographic lineup identifications was long enough for Stacie and Melissa to misidentify him as the robber. As discussed above, he also argues that
 
 *388
 
 the photographic lineup itself was unduly prejudicial because his photograph was distinguishable from the other photographs because of his bald head.
 

 ¶ 13. We find, however, that the evidence in this ease, when viewed in the light most favorable to the State, was legally sufficient. We have repeatedly stated, “[Cjonvictions based on eyewitness identifications at trial following a pretrial identification by photographs will be set aside ‘only if the photographic procedure is so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification.’”
 
 Purnell v. State,
 
 878 So.2d 124, 127(¶7) (Miss.Ct.App.2004) (citation omitted). In accordance with the analysis above, the photographic procedure used to identify Conner was not im-permissibly suggestive. Further, both Stacie and Melissa were placed in fear of immediate injury as the gun was pointed at each woman to induce her to hand over the money from her cash register. In
 
 Towner v. State,
 
 812 So.2d 1109, 1114(¶ 23) (Miss.Ct.App.2002), this Court found that the robbery of two restaurant employees of one sum of money constituted two robberies.
 
 [1]
 
 “This is because ... robbery is a crime against persons[,]” not a crime against property.
 
 Id.
 
 Thus, two counts of armed robbery were justified in this case.
 

 ¶ 14. We find that the evidence in the instant case was legally sufficient. This assignment of error is without merit.
 

 III. Whether the verdict was against the overwhelming weight of the evidence.
 

 ¶ 15. On a question of overwhelming weight of the evidence, this Court has stated the standard of review is as follows:
 

 [Tjhis Court must accept as true the evidence which supports the verdict and will reverse only when convinced that the circuit court has abused its discretion in failing to grant a new trial. Only when the verdict of the jury is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice will we disturb that verdict on appeal.
 

 Montgomery v. State,
 
 830 So.2d 1269, 1273(¶ 16) (Miss.Ct.App.2002) (citation omitted).
 

 ¶ 16. Based upon the facts previously discussed, we find that Conner’s guilty verdict is not so contrary to the evidence as to constitute an unconscionable injustice. Furthermore, the evidence does not weigh heavily against the jury’s verdict. Accordingly, we find that Conner’s conviction was not against the overwhelming weight of the evidence.
 

 CONCLUSION
 

 ¶ 17. Based on the foregoing, we find no error and affirm.
 

 ¶ 18. THE JUDGMENT OF THE CIRCUIT COURT OF LOWNDES COUNTY OF CONVICTION OF COUNT I, ARMED ROBBERY, AND COUNT II, ARMED ROBBERY, AND SENTENCE OF THIRTY-FIVE YEARS AS A HABITUAL OFFENDER FOR BOTH COUNTS I AND II, WITH THE SENTENCES TO RUN CONCURRENTLY IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF
 
 *389
 
 CORRECTIONS, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.
 

 [1]
 

 . The dissent in
 
 Towner
 
 argued that there should have been only one count of armed robbery due to the fact that the indictments attributed the same sum of money to both victims.
 
 Id.
 
 at 1117 (¶¶ 36-38) (King, P.J., dissenting). However, the dissent’s argument in
 
 Towner
 
 is not applicable here as both victims, Stacie and Melissa, were deprived of money from their individual cash registers. Therefore, there were two separate sums of money involved for the two separate counts.